UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TUSHBABY, INC., <br><br> Plaintiff, <br><br> v. <br><br> JINJANG KANGBERSI TRADE CO, LTD. and LECIA GREGO DENISHA LLC, <br><br> Defendants. | Case No.: 1:24-cv-06150 |

**COMPLAINT**

Plaintiff TUSHBABY, Inc. ("Plaintiff"), by and through undersigned counsel, hereby alleges as follows against Defendants Jinjang Kangbersi Trade Co, Ltd. and Lecia Grego Denisha LLC ("Defendants"):

**INTRODUCTION**

1. This action has been filed by Plaintiff to combat a manufacturer and its registered agent who infringe Plaintiff's intellectual property rights and trade upon Plaintiff's reputation and goodwill by manufacturing and importing products in connection with Plaintiff's distinctive trade dress (the "TUSHBABY Trade Dress").

2. TushBaby's premier product is the TushBaby Hip Seat Carrier (the "TUSHBABY Carrier"), a stylish and innovative baby carrier. The TUSHBABY Carrier bears the unique and distinctive TUSHBABY Trade Dress which consists of the overall design and configuration of the product, as shown in the copyright-protected photographs below:

1

 

3.    Defendants are improperly manufacturing, importing and selling unauthorized and non-compliant products (the "Infringing Products") by reference to and/or embodying Plaintiff's trade dress, which causes confusion and deception in the marketplace.

4.    Defendants' Infringing Products are inferior imitations of genuine TUSHBABY products. Plaintiff is forced to file this action to combat Defendants' infringement of the TUSHBABY Trade Dress, as well as to protect unknowing consumers from purchasing Infringing Products. As a result of Defendants' actions, Plaintiff has been and continues to be irreparably damaged through consumer confusion and tarnishment of its valuable goodwill and, therefore, seeks injunctive and monetary relief.

## THE PARTIES

5.    Plaintiff TUSHBABY, Inc. ("TUSHBABY") is a California corporation with its principal place of business in Alamo, California.

6.    Upon information and belief, Defendant Jinjang Kangbersi Trade Co, Ltd. is a Chinese corporation with its principal place of business in Jinjang City, China.

7.    Upon information and belief, Defendant Lecia Grego Denisha LLC is a Chinese corporation with its principal place of business in Brooklyn, New York.

8. Defendant Jinjang Kangbersi Trade Co, Ltd. is a manufacturer and importer of Infringing Products. Jingjang Kangbersi Trade Co, Ltd. is a business entity who, upon information and belief, resides in the People's Republic of China. Jinjang Kangbersi Trade Co, Ltd. conducts business throughout the United States, including within New York and in this Judicial District, through its agent Lecia Grego Denisha LLC. Jinjang Kangbersi Trade Co, Ltd. targets the United States, including New York, and has manufactured and imported and, on information and belief, continues to manufacture and import Infringing Products into the United States, including New York and this Judicial District.

9. Defendant Lecia Grego Denisha LLC is an agent of Defendant Jinjang Kangbersi Trade Co, Ltd. Lecia Grego Denisha LLC is a business entity who, upon information and belief, resides in New York. Lecia Grego Denisha LLC conducts business throughout the United States, including within New York and in this Judicial District, through its New York registered business address. Lecia Grego Denisha LLC targets the United States, including New York, and has manufactured and imported and, on information and belief, continues to manufacture and import Infringing Products within the United States, including New York and in this Judicial District.

## JURISDICTION AND VENUE

10. This Court has federal subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the federal Lanham Act, as well as pursuant to 15 U.S.C. § 1121 as an action arising out of violations of the Lanham Act, 15 U.S.C. §§ 1051 et seq. Because the parties are citizens of different States and the matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-five thousand dollars, this Court also has jurisdiction under 28 U.S.C. § 1332. Jurisdiction over the state law claims is

also appropriate under 28 U.S.C. § 1367(a) and principles of pendent jurisdiction because that claim is substantially related to the federal claims.

11. This Court has personal jurisdiction over Defendants because Defendants conduct significant business in New York and in this Judicial District, and the acts and events giving rise to this lawsuit of which Defendants stand accused were undertaken in New York and in this Judicial District. In addition, Defendants have imported infringing products into this Judicial District.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants, because Defendants reside in New York and/or conduct the unlawful acts alleged herein in New York. Specifically, Defendants operate a New York business from which they manufacture and import unauthorized and illegal products marketed and sold by reference to and/or embodying Plaintiff's trade dress. Defendants import and sell unauthorized and infringing products in New York, including sales to New York customers, and accept payment in U.S. dollars. Defendants are committing tortious acts in New York, are engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury in the State of New York. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a) because Defendants have committed acts of trade dress infringement in this judicial district, do substantial business in the judicial district, have registered agents in this judicial district, and reside or may be found in this district.

## FACTUAL ALLEGATIONS

I. **TushBaby's Intellectual Property and Products**

13. Plaintiff is the owner of the TUSHBABY Trade Dress.

14.     Plaintiff is a leading infant carrier manufacturer and distributor, and has earned a reputation for quality, reliability and value. Plaintiff's TUSHBABY products constitute a breakthrough in the infant care industry.

15.     Plaintiff is the official source of TUSHBABY products in the United States, which include the proprietary TUSHBABY Carrier, a single carrier that provides for the carrying of children aged 0-3 years old, with five storage pockets and a hideable bottle holder (the "TUSHBABY Products").  Exemplary images of the TUSHBABY Products, which consist primarily of iterations of the TUSHBABY Carrier, are below:

 

16.     Since at least 2018, the TUSHBABY Products have been the subject of substantial and continuous marketing and promotion by Plaintiff.  Plaintiff has and continues to widely market and promote TUSHBABY Products in the industry and to consumers. Plaintiff's promotional efforts include — by way of example but not limitation — substantial print media, the TUSHBABY Products' website and social media sites, and point of sale materials, all of which feature at least a portion of the TUSHBABY Trade Dress.

17.     Plaintiff has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the TUSHBABY Products. The TUSHBABY Carrier has

5

received the Mom's Choice Award in 2022 and TUSHBABY has received praise from various media outlets such as Buzzfeed, Insider, and Forbes Magazine. As a result, products bearing the TUSHBABY Trade Dress are widely recognized and exclusively associated by consumers, the public, and the trade as being products sourced from Plaintiff.

18. No third-party baby carrier has the same overall configuration and color scheme as the TUSHBABY Carrier.

19. TUSHBABY has been using its trade dress for years, including operating its business under the name TUSHBABY since 2017. TUSHBABY has expended a considerable amount of money and effort in the past seven years advertising its products in connection with the TUSHBABY Trade Dress. In that seven-year span, TUSHBABY's efforts have resulted in extensive revenue from the global sales of TUSHBABY's trade dress-protected products. Additionally, TUSHBABY's extensive marketing and national media attention, including a feature on television show "Shark Tank" in 2019 and receipt of the Mom's Choice Award in 2022, has further reinforced the consuming public's association between TUSHBABY and its trade dress and has established significant goodwill and brand recognition with the consuming public.

20. The defining characteristics of the TUSHBABY Carrier are the TUSHBABY Logo centered on a rounded front pouch, black wraparound straps, a variety of neutral colors for the outer shell material, and the configuration of side zipper and mesh pockets.

**II.  Defendants' Unlawful Conduct**

21. The success of the TUSHBABY Carrier has resulted in significant infringement of the product's corresponding intellectual property rights.

22. Plaintiff has identified at least two online retailers doing business on Amazon as LESWGO and HKAI that sell Infringing Products to consumers in this Judicial District and

throughout the United States. On information and belief, Defendants manufacture the Infringing Products sold by LESWGO and HKAI.

23. Plaintiff has brought a separate legal action against LESWGO and HKAI in the Southern District of Florida concerning some of the same Infringing Products. Defendants nonetheless continue to manufacture, import, and sell Infringing Products, including to LESWGO and HKAI.

24. Defendants' persistent manufacturing and sales of Infringing Products diverts substantial revenue from Plaintiff's business, contributing to lost jobs and revenue.

25. Upon information and belief, Defendants design and manufacture the Infringing Products so that they appear to unknowing consumers to be genuine TUSHBABY Products.

26. Defendants' Infringing Products often include styles, features and design elements that make it very difficult for consumers to distinguish such Infringing Products from genuine TUSHBABY Products. Such common features include, but are not limited to, a logo centered on a rounded front pouch with wraparound black straps, side zippered pockets, and mesh side pockets.

27. Defendants are not authorized manufacturers or distributors of genuine TUSHBABY Products.

28. Defendant Jinjang Kangbersi Trade Co, Ltd. has attempted to evade enforcement efforts by registering its business in the People's Republic of China, although it continues to operate out of New York via its agent Lecia Grego Denisha LLC.

29. Defendant Lecia Grego Denisha LLC has attempted to evade enforcement efforts by registering its place of business at an address which, on information and belief, is a residential property currently leased by a 70-year-old woman.

30. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the TUSHBABY Trade Dress in connection with the manufacturing and importation of Infringing Products into the United States and New York.

31. Defendants import Infringing Products into the United States, including New York (in this Judicial District) and, on information and belief, Defendants have sold Infringing Products in the United States, including New York (in this Judicial District), which is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

**FIRST CAUSE OF ACTION**
**FALSE DESIGNATION OF ORIGIN & PASSING OFF**
**(15 U.S.C. § 1125(a))**

32. Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1-31 of this Complaint.

33. Defendants' manufacture, import, and sale of Infringing Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Infringing Products by Plaintiff.

34. By using the TUSHBABY Trade Dress in connection with the manufacture, import, and sale of the Infringing Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Infringing Products. Defendants deceive unknowing consumers by using the TUSHBABY Trade Dress without authorization within its Infringing Products to attract customers as follows:

*Examples of the TUSHBABY Trade Dress:*





9





*Examples of Defendants' Infringement of TUSHBABY Trade Dress:*





11

35. Defendants' use of trade dress that is confusingly similar to the TUSHBABY Trade Dress without TushBaby's consent in connection with the manufacture, import, and/or sale of the Infringing Products constitutes a false designation of origin and a false or misleading description or representation of goods, tending wrongfully and falsely to describe or represent a connection between TushBaby's and Defendants' products.

36. Defendants' conduct constitutes misrepresentation of fact as to the origin and/or sponsorship of the Infringing Products to the general public under 15 U.S.C. §1125.

37. Upon information and belief, Defendants had actual knowledge of TushBaby's ownership and prior use of the TUSHBABY Trade Dress prior to its infringing acts and have acted knowingly and willfully with intent to trade upon TushBaby's goodwill to the detriment of TushBaby.

38. As a direct and proximate result of Defendants' actions, constituting false designation of origin, false or misleading description of fact or false or misleading representation of fact, and unfair competition, TushBaby has suffered and continues to suffer great and irreparable injury, for which TushBaby has no adequate remedy at law.

39. If Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill subsisting in its TUSHBABY Products.

## SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349

40. Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1-39 of this Complaint.

41. Defendants' unlawful, unauthorized, and unlicensed use of Plaintiff's trade dress in connection with the manufacturing, importing, selling, and/or otherwise dealing in Infringing

Products was and is a willful and deliberate attempt to deceive, and actually has deceived, consumers and the public.

42. As such, Defendants' actions as alleged herein constitute deceptive acts and unfair practices in the conduct of trade or commerce as defined in and in violation of New York General Business Law § 349.

43. As a direct result of Defendants' actions alleged herein, Plaintiff has suffered, and will continue to suffer damages and irreparable harm for which it has no adequate remedy at law.

44. As a direct result of Defendants' actions alleged herein, consumers have been deceived into purchasing lower-quality imitations of genuine TUSHBABY Products.

45. Pursuant to New York General Business Law § 349(h), Plaintiff is entitled to enjoin Defendant's unlawful conduct, as well as obtain actual damages, plus attorney's fees.

## THIRD CAUSE OF ACTION
## NEW YORK COMMON LAW UNFAIR COMPETITION

46. Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1-45 of this Complaint.

47. Plaintiff has not licensed or authorized Defendants to use the TUSHBABY Trade Dress, and Defendants are not authorized manufacturers or distributors of genuine TUSHBABY Products.

48. Defendants knowingly and intentionally trade upon Plaintiff's reputation and goodwill by manufacturing, importing, and selling products in connection with Plaintiff's TUSHBABY Trade Dress.

49. Defendants' manufacturing, import, and sale of Infringing Products have created and are creating a likelihood of confusion, mistake, and deception among the general public as to the quality, affiliation, connection, or association with Plaintiff or the origin, sponsorship, or

13

approval of Defendants' Infringing Products by Plaintiff in violation of New York's common law of unfair competition.

50. Defendants knew that their manufacturing, import, and sale of Infringing Products have caused and will continue to cause confusion, mistake, and deception among purchasers, users, and the public.

51. On information and belief, Defendants' conduct is willful and intentional as Defendants attempt to avoid liability by continuously manufacturing, importing and selling Infringing Products despite Plaintiff's prior and ongoing enforcement efforts.

52. Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## FOURTH CAUSE OF ACTION
## NEW YORK COMMON LAW TRADE DRESS INFRINGEMENT

53. Plaintiff repeats and incorporates by reference herein its allegations contained in paragraphs 1-52 of this Complaint.

54. Plaintiff has not licensed or authorized Defendants to use the TUSHBABY Trade Dress, and Defendants are not authorized manufacturers or distributors of genuine TUSHBABY Products.

55. Defendants knowingly and intentionally trade upon Plaintiff's reputation and goodwill by manufacturing, reproducing, and selling products in connection with Plaintiffs' TUSHBABY Trade Dress.

56. Defendants' manufacturing, import, and sale of Infringing Products have created and are creating a likelihood of confusion, mistake, and deception among the general public as to the quality, affiliation, connection, or association with Plaintiff or the origin, sponsorship, or

approval of Defendants' Infringing Products by Plaintiff in violation of New York's common law of trade dress infringement.

57. Defendants knew that their manufacturing, import, and sale of Infringing Products have caused and will continue to cause confusion, mistake, and deception among purchasers, users, and the public.

58. On information and belief, Defendants' conduct is willful and intentional as Defendants attempt to avoid liability by continuously manufacturing, importing and selling Infringing Products despite Plaintiff's enforcement efforts against Defendants.

59. Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with it be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the TUSHBABY Trade Dress or any reproductions, copies, or colorable imitations thereof in any manner in connection with the manufacturing, import, distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine TUSHBABY product or is not authorized by Plaintiff to be sold in connection with the TUSHBABY Trade Dress;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine TUSHBABY product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under or by reference to the TUSHBABY Trade Dress;

c. committing any acts calculated to cause consumers to believe that Defendants' Infringing Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the TUSHBABY Trade Dress and damaging Plaintiff's goodwill;

e. otherwise competing unfairly with Plaintiff in any manner;

f. manufacturing, shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which uses the TUSHBABY Trade Dress or any reproductions, copies, or colorable imitations thereof; and

g. using or exercising control over any facility that is being used to manufacture or is the means by which Defendants could continue to manufacture Infringing Products and/or any other product that infringes the TUSHBABY Trade Dress.

2. Entry of an Order that Amazon and any other online marketplace account provider:

    a. disable and cease providing services for any accounts that sell Infringing Products manufactured by Defendants; and

    b. disable and cease displaying any advertisements that sell Infringing Products manufactured by Defendants.

3. Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendant's unlawful acts herein alleged.

4. That Plaintiff be awarded its reasonable attorney's fees and costs; and

5. Award any and all other relief that this Court deems just and proper.

Dated:   August 13, 2024

Respectfully submitted,

**BOIES SCHILLER FLEXNER LLP**

*/s/ Andrew Villacastin*
Andrew Villacastin
55 Hudson Yards
New York, New York 10001
Telephone: (212) 909-7628
E-mail: avillacastin@bsfllp.com

***Attorney for Plaintiff, TushBaby Inc.***