# GLACIER LAW LLP

41 MADISON AVENUE,
SUITE 2529,
NEW YORK, 10010
EMAIL: WEI.WANG@GLACIER.LAW
WEB: WWW.GLACIER.LAW

TELEPHONE (332) 777-7315
FACSIMILE (312) 801-4587

**October 2, 2024**

**Via Electronic Case Filing**

Honorable Jesse M. Furman
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 1105
New York, NY 10007

Re: *TushBaby, Inc. v. Jinjang Kangbersi Trade Co, Ltd. et al*
Case No: 1:2024-cv-06150(JMF)

Dear Judge Furman:

I write on behalf of Defendants Guangzhou City Woma International Trade Co., Ltd. d/b/a Cogesu US ("Cogesu US") and Wenxi Wuyuan E-commerce Co., Ltd., d/b/a BogiWell Direct ("BogiWell Direct," collectively with Cogesu US as "Defendants") in the above-referenced matter, reply to Plaintiff Tushbaby, Inc's ("Plaintiff" or "Tushbaby") response to Defendants' letter motion to strike.

**First, as Defendants pointed out in the letter motion, Plaintiff is still attempting to mislead the Court by conflating the Asserted Trade Dress with the registered trade dress and is trying to improperly shift the burden of proving the validity of the Asserted Trade Dress**. In Plaintiff's response, it misrepresented to the Court again, "[w]ith respect to validity of Plaintiff's trade dress, Plaintiff has a registration on the principal register, which creates a presumption of validity…Opposing Defendants' opposition falsely implied that Plaintiff had not met its burden to prove the validity of its trade dress—a burden that Plaintiff already met when it registered the trade dress." *See* Dkt. 52, p. 2. These are entirely misleading statements to the Court. There should be no dispute that the Plaintiff's Motion for temporary restraining order and preliminary injunction based on the claim for Asserted Trade Dress, an unregistered trade dress, "consists of the overall design and configuration of the product featuring a distinctive rounded pouch with a logo centered on the front, black wraparound straps with various neutral colors for the outer shell material, and the configuration of the side zipper and mesh pockets." *See* Dkt. 7, p. 12. Plaintiff's registered trade dress, which was issued on August 27, 2024, consists of a three-dimensional configuration of a pocket and a flap. *See* Dkt. 50-1. It is clear that these are two different trade dresses. Even though Plaintiff amended its complaint adding a new trade dress infringement claim based on the registered trade dress, Plaintiff did not renew its motion for preliminary injunction and this motion is still based on the claim for false designation of origin & passing off for the unregistered trade dress. *See* Dkt. 30, ¶¶30-57. All the evidence submitted to the USPTO is purported to the "configuration of a pocket and a flap," without mentioning the overall design of Plaintiff's products. How could this evidence possibly be used to prove the secondary meaning of the Asserted Trade Dress here? Plaintiff provided no basis, and it actually cannot provide any basis

for its argument that the presumption of validity can be applied to another different unregistered trade dress.

**Second, Plaintiff's explanation that the submission of new evidence and declarations is to address new issues first raised by Defendants in the response is completely false**. As Plaintiff also acknowledges, new evidence may only be allowed when it needs to respond to new material issues raised in opposition papers. *See* Dkt. 52, p. 2. Here, Defendants did not raise any new material issues in their Opposition brief. Plaintiff listed the "validity of Plaintiff's trade dress; and the likelihood of confusion" as the new issue first raised by Defendants on opposition. *Id*. It is not true. The validity and likelihood of confusion issues are the basis of Plaintiff's trade dress infringement claim. Plaintiff mentioned these issues in its Motion but failed to provide sufficient evidence to prove the validity of the Asserted Trade Dress and the likelihood of confusion. *See* Dkt. 7, pp. 11-17. Defendant addressed Plaintiff's failure to show the likelihood of success on the merits in their opposition and no new material issues were raised by Defendants. The only reason for Plaintiff to provide these new declarations and evidence in the Reply is to cue the deficiencies in Plaintiff's own Motion.

**Third, Plaintiff's explanation that the new evidence are public-available documents and can be freely used in its Reply is also baseless**. Plaintiff improperly assumes that the "public-available documents" is universal knowledge. According to the Plaintiff's logic, all publicly available information and documents do not need to be submitted to the court with the motions, and the moving party can freely use any publicly available information and documents in the reply. This is clearly contrary to established rules and is also one of the reasons that new evidence cannot be submitted in the reply. Defendants have no resource to review all the relevant documents available to the public to prepare their opposition to Plaintiff's Motion for preliminary injunction. Defendant also cannot speculate about which publicly available documents the Plaintiff will submit in its reply and address all the publicly available documents that Plaintiff might submit in the response. Whether the evidence was public available to the Defendants or not is not a valid reason for the Plaintiff to withhold the evidence in its Motion but submitted in the Reply. In fact, Plaintiff fails to prove any rules or precedent to support its frivolous argument. The public-available documents are also not the exception to the well-established rule that new evidence cannot be first raised in reply papers. *Domino Media v. Kranis*, 9 F. Supp. 2d 374, 387 (S.D.N.Y. 1998).

Therefore, the Court should strike all of Plaintiff's newly submitted declarations, evidence, and the arguments in the Reply relied on the newly submitted declarations and evidence.

Respectfully Submitted,

/s/ Wei Wang  
Wei Wang, Esq.

Cc: Via ECF Counsel of Record