UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Tushbaby, Inc,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Jinjang Kangbersi Trade Co, Ltd.; Lecia Grego Denisha Llc; Wenxi Wuyuan E-Commerce Co., Ltd. D/B/A Bogiwell Direct; Guangzhou City Woma International Trade Co., Ltd D/B/A Cogesu Us; Dalian Kaolite Business Information Co., Ltd. D/B/A Cozyone Shop, And John Doe 1 D/B/A Baby-Carrier,<br>　　　　　　　　Defendants. | Civil Action No: 1:24-cv-06150 |

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendants, Guangzhou City Woma International Trade Co., Ltd. d/b/a Cogesu US ("Cogesu US") and Wenxi Wuyuan E-commerce Co., Ltd., d/b/a BogiWell Direct ("BogiWell Direct," or collectively with Cogesu US as "Defendants"), by and through their counsel, respectively move to dismiss Plaintiff Tushbaby, Inc's ("Tushbaby" or "Plaintiff") Second Amended Complaint [Dkt. 61] ("Second Amended Complaint" or "SAC"), pursuant to the Fed. R. Civ. P. 12(b)(6).

### I.　　BACKGROUND

Defendants are Amazon seller selling baby hip seat carrier products on Amazon under the HKAI brand ("Accused Products"). Defendant Jinjang Kangbersi Trade Co, Ltd. ("Jinjang"), is the manufacturer of the Accused Products.

On August 13, 2024, Plaintiff filed this current lawsuit against Jinjang Kangbersi Trade Co, Ltd. ("Jinjang") and Lecia Grego Denisha LLC ("Lecia") for trade dress infringement. Dkt. 1. The claimed Tushbaby Trade Dress consists of overall design and configuration of the product. Dkt. 1,

1

¶2. Plaintiff did not clearly define the elements of the Tushbaby Trade Dress but used the images to illustrate the unregistered trade dress. *Id*.

On September 16, 2024, Plaintiff amended its complaint to include the Defendants in this case and also added another claim for trade dress infringement ("First Amended Complaint" or "FAC"). Dkt. 30.

On October 14, 2024, Plaintiff amended its complaint again and added another defendant. Dkt. 61. The SAC defined the U.S. Trademark Registration No. 7489071 ("Registered Trade Dress"), as the TUSHBABY Trade Dress. *Id*., ¶1. The Registered Trade Dress consists of a three-dimensional the configuration of a pocket and a flap. *See* Dkt. 61-1. The matter shown in dotted lines is not part of the claimed mark. *Id*. Plaintiff also defined its asserted TUSHBABY Trade Dress as "the overall design and configuration of the product" as shown in the images. *See* Dkt. 61, ¶2. The TUSHBABY Trade Dress is the basis for Plaintiff's first claim for Trade Dress Infringement, and second claim for False Designation of Origin & Passing Off. *Id*., ¶¶44-58.

## II.   LEGAL STANDARDS

In reviewing a complaint under Rule 12(b)(6), the court applies "a 'plausibility standard,'" which is guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the requirement that the Court accept as true the allegations in a complaint "is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Although "detailed factual allegations" are not required, a complaint must offer more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007). Second, to survive a motion to dismiss, the complaint must state a plausible claim for relief.

*Iqbal*, 556 U.S. at 679. Determining whether the complaint states a plausible claim for relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal, 556 U.S. at 679).

When a complaint fails to specify the allegations in a manner that provides sufficient notice of what the plaintiff's claim is and the grounds upon which it rests, a defendant can move for a more definite statement under Rule 12(e) before responding. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *see also Conley v. Gibson*, 355 U.S. 41, 48 (1957). Fed. R. Civ. P. 12(e) specifically provides: "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

### III.    ARGUMENT

A. **Plaintiff's Second Amended Complaint Should be Dismissed or Replead with More Specificity.**

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint is inadequately pled if it does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast. Inc.*, 507 F.3d 117, 121 (2d Cir. 2007).

In the beginning of the SAC, Plaintiff defines its U.S. Trademark Registration No. 7489071, as "TUSHBABY Trade Dress." *See* Dkt. 61, ¶1. According to the certificate of the Registered Trade Dress, the Registered Trade Dress consists of "the configuration of a pocket and a flap." *See* Dkt. 61-1. Thus, the TUSHBABY Trade Dress should consist of the pocket and flap. However, Plaintiff then defines the scope of the "TUSHBABY Trade Dress" as the overall

3

design and configuration of the product (the overall design and configuration of the product is referred to as "Unregistered Trade Dress" below). *Id*., at ¶2. It is clear that "a three-dimensional the configuration of a pocket and a flap" cannot be considered as the overall design of the Plaintiff's product. Especially, the certification expressly states that the "matter shown in dotted lines is not part of the claimed mark." *See* Dkt. 61-1. Thus, the Registered Trade Dress has different elements and scope with the Unregistered Trade Dress.

Thus, it seems to Defendants that Plaintiff asserted two trade dresses, the Registered Trade Dress and the Unregistered Trade Dress. However, instead of clearly distinguishing two trade dresses, Plaintiff conflated the Registered Trade Dress and the Unregistered Trade Dress by using only one term as "TUSHBABY Trade Dress." In the SAC, Plaintiff uses "TUSHBABY Trade Dress" to refer to two different trade dresses, which causes Defendant to be unclear as to when the Plaintiff is referring to the Registered Trade Dress and when to the Unregistered Trade Dress. Plaintiff's usage of the "registered TUSHBABY Trade Dress," and "'071 registration" further confused Defendants. *Id*., at ¶¶ 35, 46. Defendants cannot reasonably be required to frame a responsive pleading because of Plaintiff's failure to clarify the two asserted trade dress. *APP Grp. (Canada) Inc. v. Rudsak USA Inc*., No. 21-CV-7712 (VEC), 2022 WL 3227861, at *2 (S.D.N.Y. Aug. 10, 2022) (Plaintiff must state "a stable, unvarying list of distinct design features.")

Therefore, Plaintiff's SAC should be dismissed, or at minimum, replead with more specificity.

### B. Plaintiff's First Claim for Trade Dress Infringement Should be Dismissed or Replead with More Specificity.

Plaintiff's first claim is based on the 15 U.S.C. § 1114 for trade dress infringement. Section 1114(1) requires that a plaintiff register its trade dress to obtain relief against an alleged

violator. Thus, only Registered Trade Dress is protectable under 15 U.S.C. § 1114. As discussed above, Plaintiff asserts both Registered Trade Dress and Unregistered Trade Dress in the SAC. Plaintiff alleged the trade dress infringement of Defendants' unauthorized using of the TUSHBABY Trade Dress. *See* Dkt. 61, ¶46. Plaintiff also alleges that "Plaintiff's use of the TUSHBABY Trade Dress, including as set forth in the '071 registration, preceded Defendants' first uses of the TUSHBABY Trade Dress by at least several years." *Id*. It seems to Defendant that Plaintiff contends that the "'071 registration" is a part of TUSHBABY Trade Dress, and the TUSHBABY Trade Dress is referred to the Unregistered Trade Dress in the SAC. Plaintiff's further use the two images to show the TUSHBABY Trade Dress, which are nearly identical to images in paragraph 2 of the SAC, which are used to show the overall design and configuration of the product. *Id*., at ¶¶2, 46. Especially, the line drawing of Plaintiff's product is too blurred to discern whether the solid lines and dotted lines are distinguished in the image. *Id*.

Therefore, since the 15 U.S.C. § 1114 only protects the registered trade dress, Plaintiff's first claim based on Unregistered Trade Dress should be dismissed, or at minimum, replead with more specificity.

C. **Plaintiff's Second Claim Should be Dismissed for Failure to Define the TUSHBABY Trade Dress.**

To plead a claim of trade dress infringement, Plaintiff must allege: (1) that Plaintiff's claimed trade dress is "distinctive," either because it is "inherently distinctive" or has acquired "secondary meaning" among consumers; (2) that there is a likelihood of confusion between Plaintiff's claimed trade dress and Defendants'; and (3) that Plaintiff's claimed trade dress is "non-functional." *Sherwood 48 Assocs. v. Sony Corp. of America*, 76 F. App'x 389, 391 (2d Cir. 2003); *Kaufman & Fisher Wish Co., Ltd. v. F.A.O. Schwarz*, 184 F. Supp. 2d 311, 316–17 (S.D.N.Y. 2001), aff'd, 51 F. App'x 335 (2d Cir. 2002). The Lanham Act protects "trade dress,"

even unregistered trade dress, which "encompasses the overall design and appearance that make the product identifiable to consumers," but that protection has its limits. *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 269 F.3d 114, 118 (2d Cir. 2001). Plaintiff "must precisely articulate the specific elements that comprise [their] distinct trade dress" to ensure that their "claims of trade dress infringement are pitched at an appropriate level of generality," because "trade dress law [does not] protect ... a generalized type of appearance." *Kaufman & Fisher*, 184 F. Supp. at 317 (citing *Landscape Forms, Inc. v. Columbia Cascade Co*., 113 F.3d 373, 381 (2d Cir. 1997)); *see also Sherwood*, 76 F. App'x at 391; *Yurman Design, Inc. v. PAJ, Inc*., 262 F.3d 101, 117 (2d Cir. 2001) ("the party seeking protection must ... be able to point to the elements and features that distinguish its trade dress").

Here, as mentioned above, the TUSHBABY Trade Dress should be the Unregistered Trade Dress. However, Plaintiff failed to precisely articulate the specific elements of the TUSHBABY Trade Dress. Plaintiff alleged that the TUSHBABY Trade Dress consists of the overall design and configuration of the product as shown in the images. *See* Dkt. 61, ¶2. However, it is well established that the "overall design and configuration" is too vague to define the TUSHBABY Trade Dress. *National Lighting Co., Inc. v. Bridge Metal Industries*, LLC, 601 F. Supp. 2d 556, 562 (S.D. N.Y. 2009) (Dismissing on a Rule 12(b)(6) motion a claim of trade dress in a line of fluorescent lighting fixtures for the failure to precisely define the trade dress. "A conclusory reliance on the 'entire look of the product' does not fulfill the plaintiff's obligation to offer 'a precise expression of the character and scope of the claimed trade dress.'"); *Rubbermaid Commercial Prods. v. Contico Int'l*, 836 F. Supp. 1247, 29 U.S.P.Q.2d 1574 (W.D. Va. 1993).

Further, it is not sufficient for Plaintiff to simply submit an image of its design and expect

Case 1:24-cv-06150-JMF    Document 72    Filed 10/28/24    Page 7 of 12

the court to determine what part or parts constitute protectable trade dress. Plaintiff submitted four images to show its alleged TUSHBABY Trade Dress. *See* Dkt. 61, ¶¶2, 46. However, the images cannot excuse Plaintiff's burden of pointing to the elements and features that distinguish its trade dress. *International Leisure Products, Inc. v. FUNBOY LLC*, 747 Fed. Appx. 23 (2d Cir. 2018); *Eliya, Inc. v. Steven Madden, Ltd.*, 749 Fed. Appx. 43 (2d Cir. 2018) ("In this case, the photos of the shoes do not make up for the deficiency in the precise expression of the distinctive features of the trade dress." Affirmed Rule 12(b)(6) dismissal of infringement claims alleging trade dress in shoe designs.); *Cardinal Motors, Inc. v. H&H Sports Protection USA, Inc.*, 2021 WL 1758881, *5 (S.D. N.Y. 2021) (Dismissing with leave to amend because of "vague and conclusory" definitions of alleged trade dress in design of a motorcycle helmet. "[P]ictures are no substitute for the specific language the law requires…. [W]ith only photos… the Court cannot discern which features are distinctive and non-functional and could thus make up the trade dress.")

Further, Plaintiff's second claim is base based on 15 U.S.C. § 1125(a), for false designation of origin & passing off. This claim basically remains unchanged from Plaintiff's Complaint. *See* Dkt. 61, ¶¶51-58.

Therefore, Plaintiff's second claim should be dismissed for failure to define the asserted unregistered trade dress.

D. **Plaintiff's Second Claim Should be Dismissed for Failure to Show the TUSHBABY Trade Dress' Distinctiveness, Non-functionality and Secondary Meaning.**

**First, Plaintiff failed to plead the distinctiveness.** To plead a claim of trade dress infringement, Plaintiff must articulate precisely which of the trade dress elements "are distinctive and how they are distinctive." *Sara Designs, Inc. v. A Classic Time Watch Co.*, 234 F. Supp. 3d 548, 555 (S.D.N.Y. 2017); *see also Puma SE v. Forever 21, Inc.*, No. CV17-2523 PSG Ex, 2017

7

U.S. Dist. LEXIS 211140, at *15-16 (C.D. Cal. June 29, 2017) (requiring pleading of non-functionality and a description of how trade dress is non-functional to survive motion to dismiss). While Plaintiff failed to provide a "precise expression of the character and scope" of the TUSHBABY Trade Dress, Plaintiff also failed to allege the distinctive of the TUSHBABY Trade Dress. Plaintiff does state the TUSHBABY Trade Dress is "unique and distinctive" (Dkt. 61, ¶2), but are merely conclusory labels, not precise expressions sufficient to overcome a motion to dismiss. *Nat'l Lighting Co. v. Bridge Metal Indus., LLC*, 601 F. Supp. 2d 556, 562 (S.D.N.Y. 2009) (holding that a trade dress infringement claim lacks the requisite specificity when it contains a "laundry list of the elements that constitute [the type of product]'s design rather than a description of which of plaintiff's trade dress design elements are distinctive and how they are distinctive."); *see also Carson Optical, Inc. v. Prym Consumer USA, Inc*., 11 F.Supp.3d 317, 347 (E.D.N.Y. 2014) (dismissing a trade dress claim where the complaint specifically listed various elements of the claimed trade dress, but did not explain how the elements were distinctive in relation to that particular type of product).

**Second, Plaintiff failed to plead the non-functionality.** Plaintiff fails to carry its burden to show that its purported trade dress is nonfunctional. 15 U.S.C. § 1125(a)(3) (plaintiff asserting unregistered product configuration trade dress bears "the burden of proving that the matter sought to be protected is not functional"). "The functionality doctrine prevents trademark law, which seeks to promote competition by protecting a firm's reputation, from instead inhibiting legitimate competition by allowing a producer to control a useful product feature." *Qualitex Co. v. Jacobson Prod. Co*., 514 U.S. 159, 164 (1995). "[T]here is a 'statutory presumption that features are deemed functional until proven otherwise by the party seeking trade dress protection,'" *Carson Optical, Inc. v. Prym Consumer USA, Inc*., 11 F.Supp.3d 317, 340

(E.D.N.Y. 2014). Here, in the SAC, Plaintiff failed provide a single word to show the non-functionality of the TUSHBABY Trade Dress. Thus, the TUSHBABY Trade Dress is deemed to be functional and unprotectable.

Third, Plaintiff failed to plead the secondary meaning. Trade dress acquires "secondary meaning" when "in the minds of the public, the primary significance of a product feature ... is to identify the source of the product rather than the product itself." *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 851 n. 11, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982). "Secondary meaning in a trade dress exists when a consumer immediately associates the dress of the product with its source." *Sports Traveler, Inc. v. Advance Magazine Publishers, Inc.*, 25 F.Supp.2d 154, 164 (S.D.N.Y. 1998). A finding of secondary meaning "entails "vigorous evidentiary requirements." *U–Neek, Inc., v. Wal–Mart Stores, Inc.*, 147 F.Supp.2d 158, 172 (S.D.N.Y. 2001). Here, even though Plaintiff alleged some promotional efforts, but there are far from established the secondary meaning. *See* Dkt. 61, ¶¶16-19. Plaintiff failed to allege any facts relating to its advertising expenditures, consumer surveys and prior attempts to plagiarize Plaintiff's trade dress. Even though Plaintiff has registered the "pocket and flap" trade dress with USPTO, the "presumption of secondary meaning beginning only as of the date of registration and confers no presumption of secondary meaning before the date of registration." *Converse, Inc. v. Int'l Trade Comm'n Skechers U.S.A., Inc.*, 909 F.3d 1110, 1118 (Fed. Cir. 2018). Since Defendants have sold the Accused Products at least one year before the registration (Dkt. 42, p. 16), Plaintiff "must establish without the benefit of the presumption that its mark had acquired secondary meaning before the first infringing use by" Defendants. *Id*. Thus, Plaintiff failed to plead the secondary meaning. *Urban Grp. Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*, No. 12 CV 3599, 2012 WL 3240442, at *6 (S.D.N.Y. Aug. 7, 2012) (holding that plaintiff

inadequately pleaded secondary meaning where it failed to allege facts relating to its advertising expenditures, consumer surveys, marketing coverage or prior attempts to plagiarize plaintiff's trade dress); *Sara Designs, Inc. v. A Classic Time Watch Co. Inc*., 234 F.Supp.3d 555 (S.D.N.Y. 2017) (finding no secondary meaning where plaintiff did not plead advertising expenditures).

Thus, Plaintiff's trade dress infringement claims should be dismissed.

### E. Plaintiff's State Law Claims Should Also be Dismissed.

Plaintiff claims for the deceptive acts and unfair trade practices claim, common law unfair competition claim and common law trade dress infringement claim based on the 28 U.S.C. § 1367(a). Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over state claims if the court has dismissed all federal claims over which it had original jurisdiction. Though a court's exercise of its power to dismiss state claims is discretionary, "courts should generally decline to exercise [supplemental] jurisdiction over remaining state law claims" when all federal claims have been dismissed "in the early stages of litigation." *Klein & Co. Futures, Inc. v. Bd. of Trade of the City of New York*, 464 F.3d 255, 262 (2d Cir. 2006). This is to avoid "[n]eedless decisions of state law . . . both as a matter of comity and to promote justice between the parties." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Here, since Plaintiff's Lanham Act claims should be dismissed by the Court, the Court shall also dismiss Plaintiff's state law claims. P*rince of Peace Enters., Inc. v. Top Quality Food Mkt., LLC*, 760 F. Supp. 2d 384, 395 (S.D.N.Y. 2011) (dismissing the plaintiff's New York common law unfair competition claim after dismissing the plaintiff's federal claims pre-trial)

### IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court grant their motion to dismiss Plaintiff's Second Amended Complaint.

|  | Respectfully Submitted: |
|---|---|
| Date: 10/28/2024 | By /s/ Wei Wang |

Wei Wang
wei.wang@glacier.law
Glacier Law LLP
41 Madison Avenue, Suite 2529
New York. NY. 10010
Tel: (212) 729-5073

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on this October 28, 2024, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

Date: October 28, 2024                                                   /s/Wei Wang
                                                                                    Wei Wang