```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
TUSHBABY, INC.,                                                        :
                                                                       :
                              Plaintiff,                               :
                                                                       :      24-CV-6150 (JMF)
               -v-                                                     :
                                                                       :      MEMORANDUM OPINION
JINJANG KANGBERSI TRADE CO, LTD et al.,                                :      AND ORDER
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In this action, familiarity with which is presumed, Plaintiff TushBaby, Inc. ("TushBaby") brings claims against Defendants for infringing its trade dress in violation of the Lanham Act. By Opinion and Order dated October 30, 2024, the Court elaborated on a prior bottom-line order granting TushBaby's motion for a preliminary injunction. *See TushBaby, Inc. v. Jinjang Kangbersi Trade Co. Ltd.*, No. 24-CV-6150 (JMF), 2024 WL 4627452 (S.D.N.Y. Oct. 30, 2024) (ECF No. 78). The Court subsequently entered an Amended Preliminary Injunction Order extending the substantive terms and effectiveness of the preliminary injunction to Defendant Dalian Kaolitew Business Information Co., Ltd d/b/a CozyOne Shop ("CozyOne Shop"). *See* ECF Nos. 80, 81. CozyOne Shop now moves for reconsideration. *See* ECF No. 82 ("Def.'s Recon. Mem."). For the reasons stated below, the motion for reconsideration is DENIED.

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (internal quotation marks omitted). A district court "has broad

discretion in determining whether to grant a motion [for reconsideration]." *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a Rule 59 motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up).

CozyOne Shop's motion for reconsideration seeks to relitigate the Court's findings that the TushBaby trade dress is valid because (1) it is nonfunctional and (2) it has acquired secondary meaning in the public eye. *See TushBaby*, 2024 WL 4627452, at *4-5. Measured against the strict reconsideration standard, however, CozyOne Shop's objections are unavailing. The Court discusses each set of CozyOne Shop's objections in turn.

First, CozyOne Shop raises three objections to the Court's finding that the TushBaby trade dress is nonfunctional, none of which warrants reconsideration. CozyOne Shop's first objection — that the Court's functionality analysis gives too much weight to "whether the design features in question are essential to effective competition in the market," *id.* at *5 (cleaned up) — is its strongest but falls short nevertheless. *See* Def.'s Recon. Mem. 1-2. CozyOne Shop points out that in *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 32-33 (2001), the Supreme Court held that a feature's competitive necessity does not provide a "comprehensive definition" of the functionality inquiry. Instead, restating the test articulated in *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 850 n.10 (1982), the Supreme Court emphasized that "a product feature is functional . . . if it is essential to the use or purpose of the article or if it affects the cost or quality of the article." *TrafFix*, 532 U.S. at 32. That may be so,

but it is ultimately immaterial to the Court's finding that the TushBaby trade dress is not functional — i.e., that the features comprising the trade dress are not essential to the use or purpose of a baby carrier product. For one thing, the Court began its functionality analysis by reciting the exact terms of the *Inwood* test on which CozyOne Shop now relies. *See TushBaby*, 2024 WL 4627452, at *5 (quoting *Inwood Lab'ys, Inc.*, 456 U.S. at 850 n.10). Second, the Court's underlying point — that "Defendants' focus on the 'usefulness' of [the trade dress] elements . . . misses the mark," *id.* — still stands. Applying *TrafFix*, the Second Circuit has explained that "[p]roduct features are essential when they are dictated by the functions to be performed by the article," and that "[a] feature that merely accommodates *a useful* feature is not enough." *Sulzer Mixpac AG v. A&N Trading Co.*, 988 F.3d 174, 182 (2d Cir. 2021) (emphasis added). To that end, the Court agreed with TushBaby that "the nonfunctionality of its trade dress as a whole is demonstrated by the numerous other designs in the market," which confirm that the features unique to the TushBaby trade dress are, while perhaps somewhat useful, not essential to the use and purposes of a baby carrier. *TushBaby*, 2024 WL 4627452, at *5. The Court thus concludes that *TrafFix* does not warrant reconsideration.

      CozyOne Shop's remaining two functionality objections can be swiftly rejected. CozyOne Shop argues next that "the [TushBaby] pouch and the flap . . . are essential to the use of containing the commodities related to [the] baby when being carried on [the] hip." Def.'s Recon. Mem. 4. The relevant question, however, is not whether pouches in general are essential to the use of baby carriers but rather whether the overall design and configuration of the TushBaby pouch — together with its other unique features — is essential to the use of baby carriers. On that score, CozyOne Shop's motion offers nothing new or persuasive. Finally, ignoring the many other carrier designs on the market, CozyOne Shop asserts without support

that "protection of the round pouch apparently places enormous burden on all the rest [of the] competitors." *Id*. at 3. At bottom, these are arguments that the Court addressed and rejected. *See TushBaby*, 2024 WL 4627452, at *5. Accordingly, the Court finds no reason to reconsider its initial finding that the TushBaby trade dress is nonfunctional.

Finally, in conclusory fashion, CozyOne Shop challenges the Court's finding that the TushBaby trade dress is valid because it has acquired secondary meaning. *Id.* at *4. CozyOne Shop states, citing no binding authority, that "success on the sales of the products does not bestow secondary meaning to Tushbaby's hip seat, nor does the media coverage." Def.'s Recon. Mem. 5. But, as explained in the Court's prior Opinion, the Second Circuit has expressly listed "unsolicited media coverage of the product" and "sales success" as two of the six factors for courts to consider in determining secondary meaning, acknowledging that no single factor is dispositive. *TushBaby*, 2024 WL 4627452, at *4 (quoting *Genesee Brewing Co., Inc. v. Stroh Brewing Co.*, 124 F.3d 137, 143 n.4 (2d Cir. 1997)). And, in addition to these factors, the Court also found that TushBaby's advertising expenditures and Defendants' imitation of the trade dress were persuasive evidence of secondary meaning. *Id*. CozyOne Shop's conclusory argument provides no basis to reconsider the Court's ruling on this score.

For the foregoing reasons, CozyOne Shop's motion for reconsideration is DENIED. Accordingly, TushBaby's request for clarification of the briefing schedule, *see* ECF No. 83, is moot. The Clerk of Court is directed to terminate ECF No. 82.

SO ORDERED.

Dated: November 13, 2024
      New York, New York

                                          JESSE M. FURMAN
                                          United States District Judge

4