UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TUSHBABY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JINJANG KANGBERSI TRADE CO, LTD.; LECIA GREGO DENISHA LLC; WENXI WUYUAN E-COMMERCE CO., LTD. D/B/A BOGIWELL DIRECT; GUANGZHOU CITY WOMA INTERNATIONAL TRADE CO., LTD D/B/A COGESU US; DALIAN KAOLITE BUSINESS INFORMATION CO., LTD. D/B/A COZYONE SHOP; and JOHN DOE 1 D/B/A BABY-CARRIER,<br><br>Defendants. | Case No.: 1:24-cv-06150-JMF |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE ON DEFENDANT
<u>DALIAN KAOLITE BUSINESS INFORMATION CO., LTD.</u>**

Plaintiff Tushbaby, Inc. ("Plaintiff") by undersigned counsel, respectfully submits the following memorandum of law in support of its motion for alternative service on Defendant Dalian Kaolite Business Information Co., Ltd. d/b/a CozyOne Shop ("CozyOne") pursuant to Fed. R. Civ. P. 4(f)(3).

## INTRODUCTION

Plaintiff brings this motion because CozyOne refuses to participate in this lawsuit further on the basis that Plaintiff has not perfected service of process, but, notwithstanding already appearing in this litigation, refuses to authorize its counsel to accept service on its behalf, and refuses to waive service. Though CozyOne and its counsel are well aware of this lawsuit, have been actively in contact with Plaintiff through counsel, and have in fact already participated in this lawsuit, CozyOne seeks to evade prosecution of this action and draw out these proceedings by frustrating service of process.

Accordingly, to avoid further delay and remove any question of whether service of process is complete, Plaintiff respectfully seeks leave to perfect service of process on CozyOne pursuant to Fed. R. Civ. P. 4(f)(3), by (i) emailing the summons and Third Amended Complaint ("TAC") to CozyOne's email address connected with its online marketplace account; and by (ii) emailing the summons and TAC to CozyOne's counsel, Jianyin Liu. These methods are routinely permitted under Fed. R. Civ. P. 4(f)(3) and are particularly appropriate here.

## FACTUAL BACKGROUND

**I.   Service of Process Has Been Completed on The Other Named Parties**

CozyOne, along with the other Defendants, knowingly trade off of Plaintiff's goodwill by offering a blatant knock-off of Plaintiff's flagship baby carrier product which utilizes Plaintiff's registered trade dress wholesale. *See* TAC, *generally*. Plaintiff filed suit on August 13, 2024

1

against Jinjang Kangbersi Trade Co. Ltd. and Lecia Grego Denisha LLC (the "Supplier Defendants"), suppliers that Plaintiff identified in the course of enforcing its intellectual property rights. On September 4, the Court entered a temporary restraining order ("TRO"), and, with regard to service of process, held:

> "[P]ursuant to Rule 4(f) of the Federal Rules of Civil Procedure and Articles 1 and 15 of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention"), as sufficient cause has been shown for purposes of this Order and a preliminary injunction, that service may be made on, and shall be deemed effected as to Defendants if it is completed by the following means: delivery of this Order and all supporting papers to Defendants' email addresses."

(ECF No. 16.) Plaintiffs thereafter served the Supplier Defendants on September 5. Declaration of Leo M. Lichtman submitted herewith ("Lichtman Decl.") ¶ 3, Ex. 1. On September 19, after adding Defendants Wenxi Wuyuan E-Commerce Co. Ltd. d/b/a BogiWell Direct and Guanghzhou City Woma International Trade Co. Ltd. d/b/a Cogesu US (the "HKAI Defendants") to the case, Plaintiff served process on them by providing the summons and First Amended Complaint to their counsel, who accepted service on their behalf. *Id.* ¶ 4, Ex. 2. On October 23, after extensive briefing by the parties, this Court granted Plaintiff's request for a preliminary injunction ("PI") against the HKAI Defendants (ECF No. 66.) In an opinion issued a week later, the Court held that Plaintiff had established a likelihood of success on the merits, because it had demonstrated ownership of valid trade dress, and a likelihood of consumer confusion caused by the HKAI Defendants' knockoff products. (ECF No. 78, at 6-18.)

## II.    CozyOne Is Evading Service of Process, Despite Knowingly Participating in this Litigation

Shortly before the PI was entered, on October 14, 2024, Plaintiff filed a Second Amended Complaint, on the consent of the HKAI Defendants, to join CozyOne as a Defendant, after determining that CozyOne—who was engaged in practically identical conduct—was apparently

part of the same supply chain (ECF No. 61.) Because CozyOne had not been part of the extensive PI briefing, the Court declined to extend the PI to CozyOne (ECF No. 67.) Instead, the Court extended the substantive terms of the TRO to CozyOne, ordered Plaintiff to serve a copy of the operative pleading, PI Order, TRO, and PI briefing papers on CozyOne by email by October 23, and ordered CozyOne to submit any response by November 1. (*Id*.). In compliance with that order, on October 23, Plaintiff served the papers on CozyOne via email, and copied Jianyin Liu, as counsel for CozyOne. Lichtman Decl. ¶ 5, Ex. 3; (ECF No. 68.) Mr. Liu confirmed receipt on October 24, but indicated the following day that he was not authorized to accept service of process on CozyOne's behalf. Lichtman Decl. ¶ 6; Ex. 4.

Thereafter, after Mr. Liu was admitted *pro hac vice* (ECF No. 71), CozyOne moved to dismiss on the basis that service of process was insufficient (ECF No. 73), but withdrew it after Plaintiff's counsel explained to Mr. Liu that the motion was premature. While Plaintiff had filed proof of service, this was in accordance with the October 23 order's dictates, which did not cite to Rule 4 service of process. (ECF No. 76); Lichtman Decl. ¶ 7. Nonetheless, because CozyOne refused to authorize Mr. Liu to accept service, Plaintiff's counsel requested that service of the summons be waived under Rule 4(d). Lichtman Decl. ¶ 8. In response, Mr. Liu stated under no uncertain terms that CozyOne would not agree to waive service. *Id.* ¶ 8, Ex. 5.

On October 30, 2024, CozyOne filed its opposition to the PI (ECF No. 79), and, after considering CozyOne's opposition, the Court extended the PI to CozyOne. (ECF No. 81.) CozyOne thereafter filed a motion for reconsideration, which was rejected. (ECF Nos. 82, 84.).

Since then, CozyOne has taken the position that it need not participate in this litigation further until service of process is complete. After the Court ordered the parties to provide a proposed case management plan ("CMP"), Mr. Liu ignored multiple emails requesting a meet

3

and confer. Lichtman Decl. ¶ 9. On November 27, shortly before filing the proposed CMP (and after conferring with the HKAI Defendants), Plaintiff's counsel reached out to Mr. Liu by telephone to see whether CozyOne intended to provide any positions with respect to same. *Id.* On that call, Mr. Liu stated that CozyOne believed it did not need to participate because service of process was not yet complete. *Id.*

## ARGUMENT

**I.      Plaintiffs Are Entitled to an Order Authorizing Alternative Service**

Federal Rule of Civil Procedure 4(f)(3) allows the Court to authorize service of process by any "means not prohibited by international agreement as may be directed by the court," so long as the alternative method of service authorized by the Court is "reasonably calculated, under all circumstances, to apprise interested parties in the pendency of the action and afford them an opportunity to present their objections." *See Kelly Toys Holdings, LLC v. Top Dep't Store*, 2022 U.S. Dist. LEXIS 154175 at *27-28 (S.D.N.Y. Aug. 26, 2022) (citations omitted); *In GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012) ("The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court."); *see also* Fed. R. Civ. P. 4(h) (indicating that service on business entities may be carried out in any manner prescribed by Rule 4(f)).

"Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief, and is merely one means among several which enables service of process on an international defendant." *Red Black Tree D.O.O. v. Hotel Credits, Inc.*, 2024 WL 3794695, 2024 U.S. Dist. LEXIS 143645, at *3 (S.D.N.Y. Aug. 13, 2024) (internal citations and quotations omitted); *FTC v. PCCare247, Inc.*, 2013 U.S. Dist. LEXIS 31969, at *7 (S.D.N.Y. Mar. 7, 2013); *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010). Indeed, a

plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the Court may order service under Rule 4(f)(3). *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) ("By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)."); *see also Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*, 2024 U.S. Dist. LEXIS 92931, at *7 (S.D.N.Y. May 22, 2024) ("There is no hierarchy among the subsections in Rule 4(f), and a plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)."); *Sicav v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) ("It is well established that 'there is no hierarchy among the subsections in Rule 4(f).'") (citations omitted).

In *Rio Props., Inc.*, the Ninth Circuit held "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." 284 F.3d at 1014. The Court reached this conclusion, in part, because the defendant conducted its business over the Internet and used e-mail regularly in its business. *Id.* Likewise, while CozyOne has made itself hard to physically locate by nature of its online operations, it unquestionably relies on email, including with respect to monies earned through Amazon.[1] And it is indisputable that CozyOne was actually apprised of this lawsuit via email, given that its counsel has already appeared in this action (ECF Nos. 70-71), and is in ongoing contact with Plaintiff's counsel. Lichtman Decl. ¶ 10.

A. **Service of Process by Email Is Not Prohibited by International Agreement**

While China is a signatory to the Hague Convention of Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), it does not apply

---

[1] High-volume third-party sellers such as CozyOne are in fact required to provide the online marketplace with a "current working email address," which the online marketplace is required to verify under the INFORM Consumers Act, 15 U.S.C. § 45f, a statute which was enacted to deter unlawful e-commerce sales.

where "the address of the person to be served with the document is not known." Hague Convention Art. I; *see also Cengage Learning Inc. v. Xuhong Wang*, 2017 U.S. Dist. LEXIS 233195, at *2 (S.D.N.Y. Sept. 14, 2017); *Prediction Co. v. Rajgarhia*, 2010 U.S. Dist. LEXIS 26536, at *5 (S.D.N.Y. Mar. 22, 2010). Here, it is unclear whether the addresses CozyOne provided to Amazon are even valid, given the issues with addresses provided by the other Defendants, and the length that infringers such as CozyOne go to conceal their whereabouts. (*See* ECF No. 14.)

Even if the Hague Convention did apply, email would still be permitted. China does not expressly prohibit service by email, and it is unsettled whether service via email is permissible under such situations. Indeed, courts have routinely held that service via email is permissible in such situations. *See, e.g., Ivy Coach Inc. v. Kafidov*, 2024 U.S. Dist. LEXIS 46210, at *7 (S.D.N.Y. Mar. 15, 2024) (explaining that there is no indication that a country's objection to service via postal channels under Article 10 of the Hague Convention "extends to service by email"); *Aircraft Engine Lease Fin. v. Plus Ultra Lineas Aereas*, 2021 U.S. Dist. 251935, at *4 (S.D.N.Y. Apr. 23, 2021) ("As for email, the Hague Convention does not address service by email, and therefore does not prohibit such service."); *see also Sulzar Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331-32 (S.D.N.Y. Nov. 27, 2015) (citing cases explaining that a country's objection to postal service under Article 10 of the Hague Convention does not prohibit service by email).

And while Judge Woods recently held that China's objection to service by postal mail under Article 10 does not permit service by email, *Smart Study Co. v. Acuteye-US*, 620 F. Supp. 3d 1382, 1392 (S.D.N.Y. 2022), the Second Circuit has not issued binding authority. *See Schluter Sys., L.P. v. Sanven Corp.*, 2023 U.S. Dist. LEXIS 3069, at *10 (N.D.N.Y. Jan. 6, 2023) (following *Smart Study* but acknowledging circuit split); *see also Ivy Coach*, 2024 U.S. Dist. LEXIS 46210, at *6-7 (declining to follow *Smart Study* and authorizing service by email on Ukrainian defendants,

notwithstanding Ukraine's objection to service by direct postal channels under Article 10). More importantly, only two years later after issuing the *Smart Study* opinion, Judge Woods authorized service by email on Chinese defendants, bypassing the issue entirely by citing instead to Article 15 of the Hague Convention, which provides that "[n]otwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures." *Spin Master Ltd. v. Aganv*, 2024 U.S. Dist. LEXIS 166526, at *9-10 (S.D.N.Y. Aug. 9, 2024) (collecting cases). Service via email is particularly appropriate where, as here, CozyOne has engaged in ongoing infringing activities such that "urgency exists when a plaintiff will suffer irreparable harm in the time it would take to serve the defendant under the convention." *Id*, at *10. Indeed, this Court already recognized the application of Article 15 when it ordered that the Supplier Defendants be served by email "pursuant to Rule 4(f) of the Federal Rules of Civil Procedure." (ECF No. 16, at 5.)

### B. Service of Process on CozyOne's Counsel Is Not Prohibited by International Agreement

Setting aside the propriety of service of process on a foreign defendant *abroad*, courts have repeatedly explained that service of process on a foreign defendant's *domestic* agent does not violate the Hague Convention because the Hague Convention does "not apply where service is made on a foreign citizen's agent within the United States." *See, e.g., Orient Plus Int'l Ltd.*, 2024 U.S. Dist. LEXIS 92931, at *7 (S.D.N.Y. May 22, 2024) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) ("Where service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the Hague Convention has no further implications. Whatever internal, private communications take place between the agent and a foreign principal are beyond the concerns of this case.")); *Zhang v. Baidu.Com Inc.*, 293 F.R.D. 508, 513-15 (S.D.N.Y. 2013) (ordering service on Chinese defendant

via U.S. counsel, notwithstanding China's refusal to effect service); *Sicav*, 989 F. Supp. 2d at 278-79 (ordering service of process on Chinese defendants' U.S.-based registered agent and counsel, and noting, "[s]ubstitute service of a U.S. entity does not trigger the requirements of the Hague Convention."). Accordingly, even if service of process on CozyOne by email ran afoul of the Hague Convention, service of process on CozyOne's counsel, who has a listed address in Florida, would still be appropriate.

  **C.** **Service of Process by the Methods Sought Are Reasonably Calculated to Provide CozyOne With Notice of This Action**

  "By design, Rule 4(f)(3) was adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries." *Philip Morris USA Inc. v. Velez Ltd.*, 2007 U.S. Dist. LEXIS 19780, at *8 (S.D.N.Y. Mar. 13, 2017) (internal quotations and citation omitted). In recognition that much business today is conducted online, courts in this district have repeatedly approved of service by email as a method that is reasonably calculated to provide notice. *See, e.g., Ivy Coach Inc.* 2024 U.S. Dist. LEXIS 46210, at *7-8 ("[T]his Court has, as a matter of course, granted leave for a plaintiff to effectuate service by email where: (1) the defendants conducted their business over the internet; (2) the defendants used email regularly in their businesses; and (3) email is likely to reach defendants."); *Montaño-Linares v. Virguez*, 2023 U.S. Dist. LEXIS 52126, at *7 (S.D.N.Y. Mar. 27, 2023) (ordering service by email); *Sulzar Mixpac AG v. Medenstar Indus. Co.*, 2015 U.S. Dist. LEXIS 159762, at *8-9 (S.D.N.Y. Nov. 27, 2015) (same); *Williams-Sonoma Inc. v. Friendfinder, Inc.*, 2007 U.S. Dist. LEXIS 31299, at *7-8 (N.D. Cal. Apr. 17, 2007) (same).

  Email service has the greatest likelihood of reaching an e-commerce merchant such as CozyOne, which operates almost exclusively online. (ECF No. 16); *see also In re Int'l Telemedia Assocs.*, 245 B.R. 713, 722 (Bankr. N.D. Ga. 2000) ("A defendant should not be allowed to evade

service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules. Rule 4(f)(3) appears to be designed to prevent such gamesmanship by a party."); *c.f. SEC v. Lines*, 2009 U.S. Dist. LEXIS 91811, at *11-12 (S.D.N.Y. Oct. 2, 2009) (finding service solely by email did not violate defendant's due process rights, noting, "service is not intended to be a cat and mouse game").

Further mitigating any due process concerns is the fact that CozyOne not only has actual knowledge of this lawsuit, but has already participated extensively through counsel. (ECF Nos. 70-71, 73, 76, 79, 82); *see S.E.C. v. Anticevic*, 2009 U.S. Dist. LEXIS 11480, at *11 (S.D.N.Y. Feb. 13, 2009) (finding alternate service appropriate where plaintiff "submitted evidence that [defendant] may already have actual knowledge of this case"). Indeed, service on a party's counsel is a "common form of service under Rule 4(f)(3)." *Zhang*, 293 F.R.D. at 515 (collecting cases); *In GLG*, 287 F.R.D. at 267 ("In many instances, courts have authorized service under Rule 4(f)(3) on an unserved party's counsel."). Given these circumstances, service of process by the requested methods is appropriate.

**II.    CONCLUSION**

For the foregoing reasons, Plaintiff respectfully seeks leave to serve the summons and TAC on CozyOne by delivering them by email to CozyOne and to CozyOne's counsel.

9

Dated:	December 5, 2024					Respectfully submitted,

/s/ *Leo M. Lichtman*
Leo M. Lichtman
ESCA Legal LLC
1177 6th Avenue, 5th Floor
New York, NY 10036
Tele: 347-745-2535
Email: leo@esca.legal

James Slater (admitted *pro hac vice*)
ESCA Legal LLC
9000 Dadeland Blvd. #1500
Miami, FL 33156
Tele: 305-523-9023
Email: james@esca.legal

**Attorneys for Plaintiff Tushbaby Inc.**