UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TUSHBABY, INC., <br><br> Plaintiff, <br><br> v. <br><br> JINJANG KANGBERSI TRADE CO, LTD., *et al.*, <br><br> Defendants. | Case No.: 1:24-cv-06150-JMF |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR
ALTERNATIVE SERVICE ON DEFENDANT DALIAN KAOLITE
<u>BUSINESS INFORMATION CO., LTD. D/B/A COZYONE SHOP</u>**

**INTRODUCTION**

Notice which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action" has long been described as an "elementary and fundamental requirement" of due process. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 657 (1950). Here, that requirement has *already* unquestionably been met, yet CozyOne continues to play games by evading prosecution and frustrating service of process. CozyOne refuses to waive service and refuses to authorize its counsel to accept service on its behalf, even though CozyOne, through its counsel, has *already appeared* in this litigation and has been in active communication with Plaintiff throughout. CozyOne makes its intent to draw out these proceedings transparent, by devoting its opposition to meritless arguments about the need to undertake service under the Hague Convention before alternative service can be undertaken (despite ample authority to the contrary) and the validity of alternative methods of service of process authorized by Fed. R. Civ. P. 4(f)(3) (which have long been validated by courts). The Court should reject CozyOne's arguments and grant Plaintiff's motion to perfect service of process on CozyOne via email to (i) the email address connected with its online marketplace account, and (ii) its counsel, Jianyin Liu.

**ARGUMENT**

CozyOne is undoubtedly already on actual notice of this action, yet continues to evade service of process. The requested methods of alternative service are the only means available to provide CozyOne with the process it is due, without subjecting the Court, Plaintiff, and other appearing defendants to unnecessary and burdensome delays.

I. **Alternative Service Under Rule 4(f)(3) is Authorized**

    A. **The Court May Authorize Rule 4(f)(3) Service, Even Where There Have Been No Attempts To Serve Under the Hague Convention**

1

Despite CozyOne's contentions, courts have long held that "[t]here is no hierarchy among the subsections in Rule 4(f)." *Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*, 2024 U.S. Dist. LEXIS 92931, at *7 (S.D.N.Y. May 22, 2024); *Sican v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) (citation omitted); *Zhang v. Baidu.Com Inc.*, 293 F.R.D. 508, 511 (S.D.N.Y. 2013) (citation omitted). "Service of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief, and is merely one means among several which enables service of process on an international defendant." *Red Black Tree D.O.O. v. Hotel Credits, Inc.*, 2024 WL 3794695, 2024 U.S. Dist. LEXIS 143645, at *3 (S.D.N.Y. Aug. 13, 2024) (internal citations and quotations omitted); *FTC v. PCCare247, Inc.*, 2013 U.S. Dist. LEXIS 31969, at *7 (S.D.N.Y. Mar. 7, 2013); *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria,* 265 F.R.D. 106, 115 (S.D.N.Y. 2010). Indeed, "Rule 4(f)(3) 'stands independently, on equal footing' with Rule 4(f)(1)." *Zhang*, 293 F.R.D. at 511 (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-15 (9th Cir. 2002)).

Accordingly, Plaintiff need not attempt to serve CozyOne under the Hague Convention before this Court can authorize service pursuant to Rule 4(f)(3). See *Orient Plus Int'l Ltd.*, 2024 U.S. Dist. LEXIS 92931, at *7 ("[A] plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)"); *Xiaoyuan Zhang v. Valaris PLC*, 2021 U.S. Dist. LEXIS 49610, at *6 (S.D.N.Y. Mar. 16, 2021) ("[D]efendants' suggestion that plaintiff must rely on Hague Convention service is simply incorrect.") This is true even if CozyOne's true address were known to Plaintiff. *In re Montero*, 2019 U.S. Dist. LEXIS 4948, at *15 (E.D.N.Y. Jan. 9, 2019) ("[C]ourts have permitted service on domestic counsel, even where the address of a defendant was known and/or the defendant was not trying to evade service."). So long as the method of service is not prohibited by international

agreement and satisfies due process, the Court may authorize Plaintiff to serve CozyOne under Rule 4(f)(3). *Zhang*, 293 F.R.D. at 512.

### B. The Hague Convention Does Not Apply to Service on U.S. Counsel

Though China is a signatory to the Hague Convention of Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), it does not apply to service on the domestic agent of a foreign defendant. See *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988) ("Where service on a domestic agent is valid and complete under both state law and the Due Process Clause, our inquiry ends and the [Hague] Convention has no further implications"); *Long v. MTN Grp. Ltd.*, 2024 U.S. Dist. LEXIS 202666, at *32 (E.D.N.Y. Sep. 30, 2024) ("[S]ervice on U.S. counsel is not inconsistent with Rule 4(f)"); *Orient Plus Int'l Ltd.*, 2024 U.S. Dist. LEXIS 92931, at *7 ("The only transmittal to which the [Hague] Convention applies is a transmittal abroad that is required as a necessary part of service"). Therefore, because CozyOne's counsel is based in the United States, Cozyone's arguments concerning the Hague Convention's application are inapplicable here.

Even if the Hague Convention does apply, service on CozyOne's U.S. counsel would still not violate it. Indeed, in *Long v. MTN Grp. Ltd.*, the court authorized service on U.S. counsel, expressly rejecting the argument that it would conflict with China's objection to postal channels. *See, e.g., Long*, 2024 U.S. Dist. LEXIS 202666, at *32-33 & n.5. The court explained that Rule 4(f) governed given that the Chinese defendant's U.S.-based counsel acted as a conduit for service abroad, and that the record "does not show that China prohibits service via counsel." *Id.*

### C. Service Via Email Does Not Violate the Hague Convention

Similarly, service via email is also not specifically enumerated in Article 10, and therefore may also be authorized by this Court under Rule 4(f)(3). *See, e.g, Ivy Coach Inc. v. Kafidov*, 2024

3

U.S. Dist. LEXIS 46210, at *7 (S.D.N.Y. Mar. 15, 2024) (explaining that nothing suggests that a country's objection to service via postal channels under Article 10 of the Hague Convention "extends to service by email"); *Aircraft Engine Lease Fin. v. Plus Ultra Lineas Aereas*, 2021 U.S. Dist. LEXIS 251935, at *4 (S.D.N.Y. Apr. 23, 2021) ("As for email, the Hague Convention does not address service by email, and therefore does not prohibit such service.").

CozyOne cites to no binding Second Circuit authority but instead relies on *Spin Master, Ltd. v. Aomore-US*, 2023 U.S. Dist. LEXIS 106694 (S.D.N.Y. June 17, 2024). But plenty of courts in this District and elsewhere have rejected this approach, particularly where, as here, "Plaintiffs have shown that they face irreparable harm from defendants' ongoing infringing activities," as is this case here. *Spin Master Ltd. v. Aganv*, 2024 U.S. Dist. LEXIS 166526, at *11 (S.D.N.Y. Aug. 9, 2024) (finding that, where plaintiffs would suffer irreparable harm while awaiting service through the Hague Convention, the Convention's Article 15 urgency exception allows email service) (citation omitted); *see also King Spider LLC v. 884886 CH Store,* 2024 U.S. Dist. LEXIS 228993, at *4 (S.D.N.Y. Dec. 17, 2024) (Furman, J.) (authorizing service via email, citing Article 15, and noting that "service through China's central authority would would take many months"); *Peanuts Worldwide LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 347 F.R.D. 316, 320 (N.D. Ill. 2024) ("[T]he court will follow the majority view in this district in holding that email service upon Chinese defendants is permissible."); *ShelterZoom Corp. v. Goroshevsky*, No. 19-cv-10162 (AJN), 2020 U.S. Dist. LEXIS 131226, at *3-4 (S.D.N.Y. July 23, 2020) (allowing email service on a Russian defendant, despite Russia's objection to Article 10 of the Hague Convention, where the email was likely to reach the defendant); *FTC v. Pecon Software Ltd.*, 2013 U.S. Dist. LEXIS 111375, at *13 (S.D.N.Y. Aug. 7, 2013) ("[S]ervice by email does not violate any international agreement where the objections of the recipient nation are limited to those

4

means enumerated in Article 10"); *Gurung v. Malhotra*, 279 F.R.D. 215, 219-20 (S.D.N.Y. 2011) (allowing email service an Indian defendant, despite India's objection to Article 10 of the Hague Convention, where the defendant already had actual notice of the litigation and the email was likely to reach the defendant).

In sum, neither service to CozyOne's email or its U.S. counsel is prohibited by the Hague Convention or international agreement, and in this case the harm from delay in serving CozyOne for several months while the case proceeds warrant alternative means of service. Indeed, the Court has already entered a case management plan indicating that discovery is to end in May. (ECF No. 91.) Given the significant delays that would accompany attempted service under the Hague Convention, CozyOne's refusal to accept service as other defendants have done would unnecessarily force Plaintiff to litigate—and this Court to adjourn over—a bifurcated litigation, in which discovery and the merits of the case *as to CozyOne* are unnecessarily drawn out while the litigation against other defendants, faced with the same issues and nearly identical facts, proceeds on schedule.

## II. Service on CozyOne's U.S. Counsel Satisfies Due Process

There is no dispute that the methods requested are reasonably calculated to provide CozyOne with notice of this action. *Zhang*, 293 F.R.D. at 515. "Service through electronic methods such as email is more likely to provide notice where defendants are creatures of the internet who do business exclusively online." *In re Bibox Grp. Holdings Sec. Litig.*, 2020 U.S. Dist. LEXIS 142802, at *6. Online sellers like CozyOne have regular email communications with the platforms on which they conduct their businesses, including Amazon. Accordingly, CozyOne is likely to regularly check the inbox of the email address on record with Amazon to conduct its business. Communications sent to this email address are therefore likely to reach CozyOne and provide it

5

with notice of this action. *Gurung*, 279 F.R.D. at 220 (holding that due process is satisfied where a plaintiff demonstrates that service on a foreign defendant via electronic mail is likely to reach the defendant).

However, even if the Court orders service on CozyOne's U.S. counsel alone (bypassing the issue of whether service on CozyOne directly is prohibited under the Hague Convention), it would still be practically guaranteed to apprise CozyOne—as its lawyer is actively participating in this lawsuit and has an obligation to relay such messages. *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012) ("Given the certainty that service on GLG's attorneys and/or GLG will result in notice to [the defendant]… an order of alternative service is justified"); *Platina Bulk Carriers Pte Ltd v. Praxis Energy Agents DMCC*, 2020 U.S. Dist. LEXIS 191351, at *8 n.4 (S.D.N.Y. Oct. 15, 2020) ("The Court's order to serve [defendant's] attorneys is not to suggest that the lawyers must accept service on [defendant's] behalf… [T]he Court assumes that most reasonable lawyers will inform their clients about the pendency of a lawsuit when notified in this manner"). CozyOne has actual notice of this lawsuit and is in adequate communication with its U.S. counsel, as shown by its active participation in this action. *Khan Funds Mgmt. Am., Inc. v. Nations Techs. Inc.*, 2024 U.S. Dist. LEXIS 105070 (S.D.N.Y. June 13, 2024) (authorizing service on a foreign defendant's domestic counsel where there is evidence of adequate communication between defendant and its counsel); *Long*, 2024 U.S. Dist. LEXIS 202666 (allowing service on a foreign defendant's domestic counsel where the defendant had been actively participating in the proceedings via its counsel). Accordingly, service of process through CozyOne's U.S. counsel is appropriate. *See, e.g., In re Montero*, 2019 U.S. Dist. LEXIS 4948, at *15 (collecting cases).

### III. The Requested Methods of Service Are Necessary To Prevent Delay

Service of process through the Chinese Central Authority regularly takes more than six months to complete, with no means to monitor the status of the request during its pendency. *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. at 266; *In re Bibox Grp. Holdings Sec. Litig.*, 2020 U.S. Dist. LEXIS 142802, at *7. This often proves to be a "pointless and lengthy exercise," as China regularly denies service requests after months of waiting. *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. at 267; *see also, In re Bibox Grp. Holdings Sec. Litig.*, 2020 U.S. Dist. LEXIS 142802, at *7; *Zhang*, 293 F.R.D. at 512 (acknowledging that courts have authorized alternative service where the receiving country refuses all requests under the Hague Convention as a policy matter); *Khan Funds Mgmt. Am., Inc.*, 2024 U.S. Dist. LEXIS 105070, at *13.

"Courts have frequently cited delays in service under the Hague Convention as supporting an order of alternative service under Rule 4(f)(3)." *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. at 266 (collecting cases); *see also, La Dolce Vita Fine Dining Co. v. Zhang Lan*, No. 1:19-mc-00536-ALC, 2020 U.S. Dist. LEXIS 233452, at *15-16 (S.D.N.Y. Dec. 11, 2020) ("In order to resume litigating this matter without delay, the Court will allow Petitioners to serve Respondent Zhang by email on her counsel here in New York pursuant to Federal Rule of Civil Procedure 4(f)(3)"); *Sican v. Wang*, 989 F. Supp. 2d 264, 280 (S.D.N.Y. 2013) ("The Court sees no reason to slow the progress of this case by ordering service through the Convention when service through [defendant CEO's business] and its counsel will be just as reliable, if not more so").

CozyOne is now the only appearing defendant in this case for which service has not yet been perfected. The parties have already filed the case management plan, discovery has begun, and a settlement conference has been scheduled. Requiring Plaintiff to attempt to serve CozyOne through the Chinese Central Authority could unnecessarily delay these proceedings by upwards of six months, and could prove to be ineffective, thereby preventing the Court and all appearing

7

parties from planning accordingly. Permitting alternative service through the requested methods is the only means available to prevent delaying these proceedings.

* * *

At bottom, service via CozyOne's counsel and its email address are authorized under Rule 4(f)(3) and do not violate the Hague Convention. Any due process concerns are mitigated by the fact that CozyOne already has actual notice of these proceedings. Failure to order service under Rule 4(f)(3) will result in these proceedings being delayed for many months while Plaintiff awaits service through the Chinese Central Authority.

## CONCLUSION

For all these reasons, Plaintiff respectfully seeks leave to serve the summons and Third Amended Complaint on CozyOne by delivering them by email to CozyOne and to CozyOne's U.S. counsel, Mr. Liu.

Dated:   January 10, 2025                             Respectfully submitted,

*/s/ Leo M. Lichtman*
Leo M. Lichtman
ESCA Legal LLC
1177 6th Avenue, 5th Floor
New York, NY 10036
Tele: 347-745-2535
Email: leo@esca.legal

James Slater (admitted *pro hac vice*)
ESCA Legal LLC
9000 Dadeland Blvd. #1500
Miami, FL 33156
Tele: 305-523-9023
Email: james@esca.legal

*Attorneys for Plaintiff Tushbaby Inc.*

## **CERTIFICATE OF COMPLIANCE WITH REVISED LOCAL RULE 7.1**

The undersigned hereby certifies that this brief is 2,391 words, complying with the word count limitations.

                                          */s/ Leo M. Lichtman*
                                          Leo M. Lichtman