UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                       :

TUSHBABY, INC.,                       :
                                         :

                      Plaintiff,        :
                                       :           24-CV-6150 (JMF)

        -v-                     :
                                       :     MEMORANDUM OPINION

JINJANG KANGBERSI TRADE CO, LTD et al.,  :        AND ORDER
                                       :

                    Defendants.     :
                                       :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       In this action, familiarity with which is presumed, Plaintiff TushBaby, Inc. ("TushBaby") brings claims against Defendants, including Dalian Kaolite Business Information Co., Ltd. ("CozyOne"), for infringing its trade dress. Now pending is TushBaby's motion, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, to serve CozyOne — which is apparently based in China — by either email or through its counsel in the United States. *See* ECF No. 95.[1]

       As a threshold matter, the parties dispute whether the Hague Convention of Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") applies to CozyOne. *Compare* ECF No. 96 ("Pl.'s Mem."), at 5-6, *with* Def.'s Mem. 1-3. The Hague Convention generally governs service on entities in China. *See, e.g.*, *Mattera v. Yanfang*, No. 24-CV-7911 (JGK), 2024 WL 5036817, at *1 (S.D.N.Y. Nov. 8, 2024). By its terms, however, the Hague Convention does not apply where "the address of the person to be served with the document is not known." Hague Convention Art. I; *see, e.g.*, *Overnight Blowout LLC v. Xuchang Yunduan Hair Prods.*

---

[1] CozyOne appeared in this action, through counsel, to oppose TushBaby's motion for entry of a preliminary injunction — as to which the Court had authorized service by email. *See* ECF Nos. 16 ("TRO"), 67, 70-71. CozyOne therefore had notice of the present motion and filed a memorandum of law in opposition to it. *See* ECF No. 112 ("Def.'s Mem.").

*Co.*, No. 24-CV-7926 (PKC), 2024 WL 5202547, at *3 (S.D.N.Y. Dec. 23, 2024). In this Circuit, courts "'have found that an address is 'not known' if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so.'" *Smart Study Co., Ltd. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1390-91 (S.D.N.Y. 2022) (quoting *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-CV-1112 (VSB), 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018)). Courts have found that standard met where, for example, the plaintiff searched websites associated with the defendant's domain names, completed internet searches, and attempted to visit the defendant's domicile in person. *See, e.g.*, *Shen*, 2018 WL 4757939, at *4; *see also Prediction Co. v. Rajgarhia*, No. 09-CV-7459 (SAS), 2010 WL 1050307, at *2 & n.9 (S.D.N.Y. Mar. 22, 2010) (observing that the plaintiff had "actively, though unsuccessfully, attempted to obtain [the defendant's] address in a variety of ways").

Here, TushBaby contends that CozyOne's address is unknown, *see* Pl.'s Mem. 6, but it has failed to establish that it exercised reasonable diligence in attempting to discover CozyOne's address. It states only that "it is unclear whether the addresses CozyOne provided to Amazon are even valid, given the issues with addresses provided by the other Defendants, and the length that infringers such as CozyOne go to conceal their whereabouts." *Id.* at 6. To conclude that that broad and conclusory statement establishes reasonable diligence, however, would come close to rendering the Hague Convention a dead letter in infringement cases. The Court is not willing to take that leap and, thus, concludes that the Hague Convention applies to service on CozyOne — or, more to the point, that TushBaby has not (yet) established that it does not apply.

Given that, the Court will not authorize alternative service without a showing that TushBaby has attempted to, and failed, to serve CozyOne through the Hague Convention.[2] It is true, as

---

[2]     This conclusion is not inconsistent with the fact that the Court previously authorized alternative service with respect to TushBaby's motion for preliminary injunctive relief. *See supra* note 1. The Court did so pursuant to Article 15 of the Hague Convention, which provides, in relevant part, that a

TushBaby argues, that "a plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the Court may order service under Rule 4(f)(3)."  Pl.'s Mem. 4-5 (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)).  Nevertheless, it is a common practice of courts in this Circuit "to require '(1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary' before granting a motion for alternate service under Rule 4(f)(3)."  *Pesic v. Mauritius Int'l Arb. Ctr. Ltd.*, No. 23-CV-1100 (JMF), 2024 WL 1055041, at *2 (S.D.N.Y. Feb. 6, 2024) (citation omitted).  Applying that practice here, the Court denies TushBaby's request for alternative service at this time.  *See id.*[3]  That denial, however, is without prejudice to renewal in the event that TushBaby either (1) can establish that the Hague Convention does not apply to service on CozyOne or (2) attempts but fails to effect service on CozyOne pursuant to the Hague Convention.

The Clerk of Court is directed to terminate ECF No. 95.


SO ORDERED.

Dated: January 31, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

"judge may order, *in case of urgency*, any provisional or protective measures."  Hague Convention Art. XV (emphasis added); *see* TRO at 5.

[3]    The Court will not take a different course merely because, as TushBaby argues for the first time in reply, requiring service on CozyOne through the Hague Convention could result in delay.  *See* ECF No. 115, at 7-8.  For one thing, the Court need not consider this argument because "[i]ssues raised for the first time in a reply brief are generally deemed waived."  *Conn. Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010).  For another, if that argument were sufficient, the Hague Convention would be a dead letter.  And as long as the preliminary injunction remains in place, TushBaby is not prejudiced by any delay.